**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AQUASANA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-07311 |
| | ) | |
| SAM MILLS USA, LLC, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Aquasana, Inc. ("Aquasana"), by its counsel, Michael Best & Friedrich, LLP, alleges as follows for its complaint against Defendant, Sam Mills USA, LLC ("Sam Mills"):

**NATURE AND STATUTORY BASIS FOR ACTION**

1.       Aquasana is a leader in water filtration engineering and innovation. For more than a decade, Aquasana has sold water filtration products under the AQUASANA trademark throughout the United States. The AQUASANA product line includes under-the-sink water filtration systems, among other water filtration products, as well as water bottles and water dispensers. Aquasana has invested significantly in promoting products sold in connection with the AQUASANA trademark through television, radio, print and digital adverting, and customers buy AQUASANA products for their homes directly from Aquasana as well as from retailers including Amazon.com, Costco, Home Depot and QVC. Aquasana has built an enviable reputation in the water filtration industry for its innovative AQUASANA products.

2.       Long after Aquasana began use of its AQUASANA trademark and trade name, and, upon information and belief on or about October 3, 2017, defendant Sam Mills began using the trademark and trade name AQVASANA in United States commerce in connection with

bottled water products. Aquasana previously demanded on September 15, 2017 that Sam Mills refrain from use of the AQVASANA mark. Nevertheless, Sam Mills proceeded with use of the AQVASANA mark after being notified that such use would infringe Aquasana's marks.

3.     Sam Mills is well aware of Aquasana and AQUASANA brand products because of the September 15, 2017 letter Aquasana sent to Sam Mills. Additionally, Sam Mills acknowledged in a September 25, 2017 response letter to Aquasana that Sam Mills knew about Aquasana's AQUASANA trademarks when it selected the AQVASANA mark. Thus, Sam Mills began to use the AQVASANA mark despite prior knowledge of the AQUASANA mark and prior notice that use of AQVASANA would infringe Aquasana's AQUASANA trademarks. Therefore, Aquasana brings this action for: (1) trademark infringement under section 32 of the Lanham Act (15 U.S.C. § 1114(1)); (2) false designation of origin and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3) cybersquatting under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (4) common law trademark infringement and unfair competition; and (5) violation of the Illinois Uniform Deceptive Trade Practices Act.

## THE PARTIES

4.     Aquasana is a Texas corporation with its headquarters at 1609 Shoal Creek Boulevard, Suite 200, Austin, Texas 78701. Aquasana's manufacturing and distributing facility is located at 6310 Midway Road, Haltom City, Texas 76117.

5.     Upon information and belief, defendant Sam Mills is a Florida company with its headquarters, principal place of business, and a sales office located at 2400 High Ridge Rd., Suite 102, Boynton Beach, Florida 33426.

6.     Upon information and belief, defendant Sam Mills is the affiliate of a Romanian company, Sam Mills Distribution SRL, which filed intent-to-use trademark applications under

the name of "Sammills Distribution SRL" with the U.S. Patent and Trademark Office ("USPTO") for the AQVASANA mark, and the similar sounding ACVASANA and AKWASANA marks.

## JURISDICTION AND VENUE

7.      Aquasana's first three claims arise under the Lanham Act, codified at 15 U.S.C. §§ 1051 *et seq*.

8.      This court has subject matter jurisdiction over this action under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction over the state law claims is appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction.

9.      Personal jurisdiction over Sam Mills is vested in this Court because, upon information and belief, Sam Mills sold and shipped water products bearing the AQVASANA mark into this district and does business with Peters Select – an on-line retailer located in this district – in connection with the distribution and sale of Sam Mills' infringing products. Notwithstanding its knowledge of Aquasana's prior and continuous use of the AQUASANA Marks for personal water filtration products, Sam Mills recently began selling a line of bottled water products nationwide bearing the trademark AQVASANA on Amazon.com through the Peters Select store. Attached as Exhibit A are true and correct screenshots of Amazon.com search results for "Aqvasana" and Amazon.com sales listings for three different AQVASANA-branded water products.

10.     Upon information and belief, Sam Mills ships AQVASANA goods to Peters Select, and Peters Select fulfills orders by shipping infringing goods from its warehouse located in Romeoville, Illinois, which is in the Chicago metropolitan area.  Attached as Exhibit B is a screenshot from Peters Select's Amazon.com storefront stating that all Peters Select orders ship

from Chicago, and attached as Exhibit C is a screenshot of Peters Select's Twitter website, stating that Peters Select is located in Romeoville, Illinois.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the activity complained of occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and Sam Mills is subject to personal jurisdiction in this District.

## BACKGROUND

12.     Since at least as early as 2004, Plaintiff generally has been referred to as "Aquasana."

13.     Aquasana owns the following federally registered trademarks containing the term AQUASANA:

| Mark & Registration Number | Filing & Registration Date | First Use in U.S. Commerce | Goods |
|---|---|---|---|
| AQUASANA Reg. No. 2936495 | Filed July 15, 1999 Registered March 29, 2005 | July 15, 2004 | Water filters, shower faucets, water purification units, water dispensers, all for domestic use. |
| AQUASANA Reg. No. 3352464 | Filed August 28, 2006 Registered December 11, 2007 | July 15, 2004 | Water filters, bath and shower faucets, water purification units, water dispensers, water fountains and coolers, all for domestic use that are sold or distributed online via the Internet. |
| AQUASANA LIVE HEALTHY Reg. No. 4539225 | Filed February 12, 2013 Registered May 27, 2014 | March 8, 2013 | Water filters, bath and shower faucets, water purification units, water dispensers, water fountains and coolers, that are sold or distributed online via the Internet; domestic water filtering units. |
| AQUASANA ACTIVE Reg. No. 5272042 | Filed January 21, 2016 Registered August 22, 2017 | March 10, 2016 | Water filters; water purification units; powered water filtration system comprised of a water filtering apparatus and a water dispenser; water filtration |

| Mark & Registration Number | Filing & Registration Date | First Use in U.S. Commerce | Goods |
|---|---|---|---|
| | | | bottles sold empty, namely, water bottles having an internal filter, sold empty as a unit.<br><br>Water bottles sold empty. |

Attached as Exhibit D are true and correct printouts from the USPTO website showing the current status of these registrations. In this Complaint, the above-listed federally registered marks collectively are referred to as the "AQUASANA Marks."

14.     The registrations for the AQUASANA Marks are in full force and effect on the USPTO's Principal Register. These registrations issued before Sam Mills began using the AQVASANA mark in commerce.

15.     AQUASANA Reg. Nos. 2936495 and 3352464 are incontestable under 15 U.S.C. § 1065 and constitute conclusive evidence of the validity of the marks, Aquasana's ownership of the marks, and Aquasana's exclusive right to use the registered marks in connection with the goods and services identified in the registrations under 15 U.S.C. § 1115(b).

16.     Since at least as early as 2004, Aquasana has expended substantial time, effort, and money in the promotion and advertisement of its products sold under the AQUASANA Marks, including on its website at www.aquasana.com and through the website of its parent company, A.O. Smith Corporation, at https://www.aosmith.com/About/Brands/.

17.     Aquasana has acquired valuable goodwill in the AQUASANA Marks as a result of its continuous use and promotion of the AQUASANA Marks.

18.     The AQUASANA Marks are recognized as identifying goods and services from Aquasana. The AQUASANA Marks are distinctive and closely associated with Aquasana and its goods and services.

19.     Aquasana offers a variety of residential water filtration options, including whole-house systems, under-the-sink and countertop drinking water systems, water pitchers, water bottles, and water filters.  All of these products are sold in connection with the AQUASANA Marks.  Attached as Exhibit E are true and correct screenshots from Aquasana's website showing examples of these products.

20.     AQUASANA® is one of the best-selling brands of residential water filtration products, and Aquasana's United States sales under the AQUASANA Marks have totaled more than $100 million over the last five years.

21.     Consumers buy AQUASANA products directly from Aquasana's website as well as through online retailers like Amazon.com and QVC, and through brick and mortar stores, such as Home Depot and Costco.

22.     During the last five years alone, Aquasana has invested more than $20 million in the promotion of products bearing the AQUASANA Marks through a variety of advertising mediums including television, radio, print, online, direct mail, and event marketing.

23.     As a result of Aquasana's federal trademark registrations and Aquasana's continuous use, promotion, and distribution of goods and services under the AQUASANA Marks since at least as early as 2004, Aquasana has acquired valuable goodwill in the AQUASANA Marks, and the AQUASANA Marks indicate that Aquasana is the source of the goods and services bearing any of the AQUASANA Marks.

24.     Notwithstanding its knowledge of Aquasana's prior and continuous use of the AQUASANA Marks for personal water filtration products, Sam Mills recently began selling a new line of bottled water products nationwide bearing the trademark AQVASANA on Amazon.com through the Peters Select store. Attached as Exhibit A are true and correct

screenshots of Amazon.com search results for "Aqvasana" and Amazon.com sales listings for three different AQVASANA-branded water products.

25.     Upon information and belief, Sam Mills ships AQVASANA goods to Peters Select, and Peters Select fulfills orders by shipping infringing goods from its warehouse located in Romeoville, Illinois, which is in the Chicago metropolitan area.  Attached as Exhibit B is a screenshot from Peters Select's Amazon.com storefront stating that all orders ship from Chicago, and attached as Exhibit C is a screenshot of Peters Select's Twitter website, stating that Peters Select is located in Romeoville, Illinois.

26.     Upon information and belief, Sam Mills registered the domain name www.aqvasanawater.com (the "Aqvasana Domain Name") and uses the Aqvasana Domain Name for an interactive website promoting water products bearing the AQVASANA mark. Attached as Exhibit F are true and correct screenshots from the www.aqvasanawater.com website dated October 5, 2017.

27.     Sam Mills also has advertised water products in the United States bearing the AQVASANA mark.  Attached as Exhibit G is a true and correct copy of a print advertisement indicating that AQVASANA-branded water is "Available at Amazon.com and ShopGourmet.com."

28.     After viewing the advertisement in Exhibit G, Aquasana sent a letter to Sam Mills on September 15, 2017 demanding that: Sam Mills immediately refrain from use of the AQVASANA mark and any other mark similar in sound, appearance, or commercial impression to the AQUASANA Marks; immediately take down the website located at www.aqvasanawater.com; and expressly abandon its U.S. trademark applications for the

- 7 -

AQVASANA, ACVASANA, and AKWASANA marks. A true and correct copy of this letter is attached as Exhibit H.

29.     Sam Mills admitted in its September 25, 2017 response letter to Aquasana that Sam Mills had actual knowledge of Aquasana and the AQUASANA Marks well before Sam Mills decided to adopt the AQVASANA mark for use in connection with water products. A true and correct copy of this letter is attached as Exhibit I.

30.     Despite Aquasana's strong rights in the AQUASANA Marks, Sam Mills refused to halt its plans to use the AQVASANA mark and is now selling AQVASANA bottled water through the Peters Select store on Amazon.com.

31.     The goods and services advertised and sold under the AQUASANA Marks and the AQVASANA mark are intended for use by the same customers, namely consumers of filtered water and personal water filtration products.

32.     The AQUASANA and AQVASANA marks are highly similar in sound, appearance, meaning and commercial impression. The marks differ by a single letter in the middle of the word with a "V" replacing the "U" in the AQUASANA mark to create the AQVASANA mark. Consumers of filtered water products are unlikely to distinguish AQUASANA from AQVASANA and are instead likely to believe that the source of AQVASANA water products is Aquasana.

33.     The water bottles sold by Sam Mills using the AQVASANA mark are of very similar sizes to the water bottles sold by Aquasana using the AQUASANA Marks.

34.     The AQUASANA and AQVASANA water products reach consumers through the same retail outlets, namely Amazon.com. In fact, the marks are so similar that consumers that search for "Aqvasana" are asked by Amazon.com if they meant "Aquasana." Ex. A, at 2.

35.     Consumers familiar with the well-established AQUASANA brand are likely to immediately associate the AQVASANA brand with Aquasana or wrongly believe that AQVASANA water products are either related to Aquasana products such as water filtration or water bottle products or represent an extension of the AQUASANA brand. Thus, Sam Mills' promotion and sale of AQVASANA products is likely to create both initial-interest confusion and point-of-sale confusion.

36.     The promotion, advertising, and/or sale of products under the AQVASANA name preclude Aquasana from being able to control the reputation of its AQUASANA brand. Consumers encountering the AQVASANA name in connection with water products are likely to associate AQVASANA products with the well-established AQUASANA brand. Thus, Sam Mills' use of the AQVASANA mark is likely to create confusion, mistake, and deception in the U.S. marketplace in a manner that would irreparably damage the reputation and goodwill of the AQUASANA brand.

37.     Sam Mills' actions described above have caused irreparable damage and injury to Aquasana and, if permitted to continue, will further damage and injure Aquasana, its AQUASANA mark, and Aquasana's reputation and the goodwill associated with the AQUASANA mark.  Sam Mills' actions also significantly damage the public interest in being free from confusion as to the source, sponsorship, or affiliation of the AQUASANA and AQVASANA products.

38.     Sam Mills' use of the AQVASANA mark is likely to cause confusion, mistake, or deception as to the source or origin of Sam Mills' products, and is likely to falsely suggest a sponsorship, connection, license, or association of Sam Mills and its products with Aquasana, thereby injuring Aquasana and the public in general.

- 9 -

## COUNT ONE
### Violation of the Lanham Act – Federal Trademark Infringement, in Violation of 15 U.S.C. § 1114

39.     Aquasana incorporates the allegations of paragraphs 1-38 of this Complaint as though fully set forth.

40.     Sam Mills' unauthorized use of the AQVASANA mark in commerce in connection with water products is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Sam Mills' products with Aquasana, or as to the approval of Sam Mills' products by Aquasana, and thus constitutes infringement of the AQUASANA mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Sam Mills' infringing use of the AQVASANA trademark in connection with water products has taken place with full knowledge of Aquasana and its strong rights in the AQUASANA Marks and, therefore, has been intentional, deliberate, and willful.

42.     Aquasana has no adequate remedy at law. Sam Mills' actions complained of in this Complaint have directly and proximately caused and will continue to cause Aquasana damage and injury and have unjustly enriched Sam Mills. Unless enjoined by this Court, Aquasana will continue to do the acts complained of in this Complaint and cause damage and injury, all to Aquasana's irreparable harm and to Sam Mills' unjust enrichment.

43.     Sam Mills' use of the AQVASANA trademark has caused and will continue to cause damage to Aquasana in an amount to be determined at trial.

## COUNT TWO
### Violation of the Lanham Act – Federal Unfair Competition and False Designation of Origin, in Violation of 15 U.S.C. § 1125(a)

44.     Aquasana incorporates the allegations of paragraphs 1-43 of this Complaint as if fully set forth herein.

45.     Sam Mills' acts described in this Complaint constitute a violation of federal unfair competition law, as Sam Mills has used and continues to use in interstate commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin, which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Sam Mills with Aquasana, or as to the origin, sponsorship, or approval of Sam Mills' goods or services by Aquasana, and thus constitute false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125(a).

46.     Sam Mills' actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of Aquasana and its strong rights in the AQUASANA Marks.

47.     Aquasana has no adequate remedy at law.  Sam Mills' actions complained of in this Complaint have directly and proximately caused and will continue to cause Aquasana damage and injury and have unjustly enriched Sam Mills.   Unless enjoined by this Court, Aquasana will continue to do the acts complained of in this Complaint and cause damage and injury, all to Aquasana's irreparable harm and to Sam Mills' unjust enrichment.

48.     Sam Mills' use of the AQVASANA mark has caused and will continue to cause damage to Aquasana in an amount to be determined at trial.

**COUNT THREE**
**Violation of the Lanham Act – Anticybersquatting Consumer Protection Act, in Violation of 15 U.S.C. § 1125(d)**

49.     Aquasana incorporates the allegations of paragraphs 1-48 of this Complaint as if fully set forth herein.

50.     At the time of Sam Mills' registration or first use of the Aqvasana Domain Name, the AQUASANA Marks were distinctive.

51.     The Aqvasana Domain Name is identical or confusingly similar to the AQUASANA Marks.

52.     Sam Mills has registered, trafficked in, or used the Aqvasana Domain Name in interstate commerce with a bad faith intent to profit from the AQUASANA Marks, in violation of 15 U.S.C. § 1125(d).

53.     Sam Mills' bad faith intent is demonstrated by numerous factors, including the following:

      a.   Sam Mills had not used the Aqvasana Domain Name in connection with the bona fide offering of any goods or services prior to Aquasana's use and registration of the AQUASANA Marks;

      b.   Sam Mills has not made a bona fide noncommercial or fair use of any of the AQUASANA Marks on a website accessible under the Aqvasana Domain Name and instead has used the confusingly similar AQVASANA mark;

      c.   When registering or first using the Aqvasana Domain Name, Sam Mills had actual notice of Aquasana's rights in the AQUASANA Marks;

      d.   Since receiving actual notice of Aquasana's rights and objection to Sam Mills' use of the AQVASANA mark, Sam Mills has intended to divert consumers from Aquasana's online location to a site accessible under the Aqvasana Domain Name that could harm the goodwill represented by the AQUASANA Marks, either for Sam Mills' commercial gain or with the intent to tarnish or disparage the AQUASANA Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or

endorsement of the website accessible under the Aqvasana Domain Name; and

    e.   Sam Mills knows that the Aqvasana Domain Name is confusingly similar to the AQUASANA Marks and Aquasana's website located at www.aquasana.com.

54.    Sam Mills' actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of Aquasana and its strong rights in the AQUASANA Marks.

55.    Aquasana has no adequate remedy at law.  Sam Mills' actions complained of in this Complaint have directly and proximately caused and will continue to cause Aquasana damage and injury and have unjustly enriched Sam Mills.  Unless enjoined by this Court, Aquasana will continue to do the acts complained of in this Complaint and cause damage and injury, all to Aquasana's irreparable harm and to Sam Mills' unjust enrichment.

56.    Sam Mills' registering, trafficking, and use of the Aqvasana Domain Name has caused and will continue to cause damage to Aquasana in an amount to be determined at trial.

## COUNT FOUR
## Common Law Trademark Infringement and Unfair Competition

57.    Aquasana incorporates the allegations of paragraphs 1-56 of this Complaint as though fully set forth herein.

58.    Sam Mills' unauthorized use of the AQVASANA mark in commerce in connection with water products is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Sam Mills' products with Aquasana and the AQUASANA Marks, or as to the approval of Sam Mills' products by Aquasana.

59.     Sam Mills' unauthorized use of the AQVASANA trademark in connection with water products has taken place with full knowledge of Aquasana and its strong rights in the AQUASANA Marks and, therefore, has been intentional, deliberate, and willful.

60.     The acts of Sam Mills complained of herein constitute common law trademark infringement and unfair competition under the laws of the State of Illinois.

61.     Aquasana has no adequate remedy at law.  Sam Mills' actions complained of in this Complaint have directly and proximately caused and will continue to cause Aquasana damage and injury and have unjustly enriched Sam Mills.   Unless enjoined by this Court, Aquasana will continue to do the acts complained of in this Complaint and cause damage and injury, all to Aquasana's irreparable harm and to Sam Mills' unjust enrichment.

62.     Sam Mills' actions complained of in this Complaint have caused and will continue to cause damage to Aquasana in an amount to be determined at trial.

**COUNT FIVE**
**Violation of the Illinois Uniform Deceptive Business Practices Act, in Violation of 815 ILCS**
**510/1 *Et Seq*.**

63.     Aquasana incorporates the allegations of paragraphs 1-62 of this Complaint as though fully set forth herein.

64.     Sam Mills' unauthorized use of the AQVASANA mark in commerce in connection with water products causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Sam Mills' products with Aquasana.

65.     Sam Mills' unauthorized use of the AQVASANA trademark in connection with water products has taken place with full knowledge of Aquasana and its strong rights in the AQUASANA Marks and, therefore, has been intentional, deliberate, and willful.

66.     The acts of Sam Mills complained of herein constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

67.     Aquasana has no adequate remedy at law.  Sam Mills' actions complained of in this Complaint have directly and proximately caused and will continue to cause Aquasana damage and injury and have unjustly enriched Sam Mills.  Unless enjoined by this Court, Aquasana will continue to do the acts complained of in this Complaint and cause damage and injury, all to Aquasana's irreparable harm and to Sam Mills' unjust enrichment.

68.     Sam Mills' actions complained of in this Complaint have caused and will continue to cause damage to Aquasana in an amount to be determined at trial.

## JURY DEMAND

Aquasana demands a trial by jury on all matters and issues triable by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure and any other applicable federal and state laws.

## PRAYER FOR RELIEF

WHEREFORE, Aquasana demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

1.     Judgment that Sam Mills has infringed and is infringing the AQUASANA Marks and Aquasana's trade name;

2.     Judgment that such infringement by Sam Mills was and is intentional, deliberate, and willful;

3.     An accounting and award of damages and disgorgement to Aquasana of Sam Mills' profits and the amount by which Sam Mills has been unjustly enriched in an amount to be determined at trial;

4.     An award of statutory damages to Aquasana;

5.      An order that Sam Mills compensate Aquasana for the advertising or other expenses necessary to dispel any public confusion caused by Sam Mills' infringement of the AQUASANA Marks, unfair competition, unfair and deceptive trade practices, misappropriation, breach of contract, and other unlawful acts;

6.      Transfer of the registration of the Aqvasana Domain Name to Aquasana;

7.      An order temporarily, preliminarily, and permanently enjoining and restraining Sam Mills and its officers, agents, servants, employees, attorneys, partners, successors, assigns, parents, subsidiaries, directors, owners, shareholders, joint ventures, distributors, dealers, affiliated or related companies, and all others in active concert or participation with them who receive notice of this injunction from:

a.      Using the AQVASANA mark, or any variation or any colorable imitation thereof including but not limited to ACVASANA or AKWASANA, that is likely to cause confusion with the AQUASANA Marks or any other trademark owned by Aquasana;

b.      Using any of the AQUASANA Marks or any confusingly similar mark including but not limited to AQVASANA, ACVASANA or AKWASANA, or colorable imitation thereof, as a name or domain name in connection with Sam Mills' business;

c.      Distributing, promoting, and selling any goods or services under the AQVASANA mark, or any variation or any other colorable imitation thereof including but not limited to ACVASANA or AKWASANA, that is

- 16 -

likely to cause confusion with the AQUASANA Marks or any other trademark owned by Aquasana;

d.      Representing by any means whatsoever, directly or indirectly, that Sam Mills, any goods or services offered by Sam Mills, or any activities undertaken by Sam Mills, are sponsored or licensed by Aquasana or otherwise associated or connected in any way with Aquasana;

e.      Passing off any of its goods or services as originating with, associated with, or sponsored by Aquasana;

f.      Registering, trafficking, using, or maintaining the registration of the Aqvasana Domain Name or any other domain name that is identical or confusingly similar to any of the AQUASANA Marks;

g.      Otherwise infringing or diluting the distinctive quality of the AQUASANA Marks;

h.      Injuring Aquasana's business reputation and the goodwill associated with the AQUASANA Marks and from otherwise unfairly competing, directly or indirectly, with Aquasana;

i.      Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Aquasana, or engaging in conduct tending to create a false commercial impression of Sam Mills' goods and services, or any other conduct that tends to pass off Sam Mills' goods and services as those of Aquasana or create a likelihood of confusion or misunderstanding or false representation; and

- 17 -

j.     Assisting, aiding, or abetting any other person or entity from engaging in or performing any of the activities referenced in subparagraphs "a" through "i" above.

8.     An order directing Sam Mills to file with the Court, and to serve on Aquasana, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

9.     An order requiring Sam Mills to deliver up to Aquasana for destruction all goods, advertisements, literature, and other written or printed material bearing the AQVASANA mark or any colorable imitation thereof such as ACVASANA or AKWASANA;

10.     An order requiring Sam Mills to provide Aquasana a list of individuals and entities (including names, addresses, and other contact information) to whom it has distributed or sold any products bearing the AQVASANA mark.

11.     An order requiring Sam Mills to send a written notice to any existing customers that the importation, dealing in, sale, or distribution of any bottled water products in the United States bearing the AQVASANA mark is unlawful and that Sam Mills has been enjoined by a United States District Court from doing so.

12.     An order requiring Sam Mills to pay Aquasana compensatory damages in an amount to be determined at trial caused by the foregoing acts of infringement, false designation of origin, unfair competition, cybersquatting, and deceptive trade practices, and trebling such compensatory damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

13. An award to Aquasana of increased damages to fully compensate Aquasana, and punitive damages for the willful and wanton nature of Sam Mills' wrongful acts and because this is an "exceptional" case, in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

14. An award to Aquasana of its costs and expenses, including all reasonable attorneys' fees and costs recoverable under the Lanham Act, the common law, the Illinois Uniform Deceptive Trade Practices Act, and any other applicable statutes, laws, or rules;

15. An award to Aquasana of pre-judgment and post-judgment interest;

16. An Order requiring Sam Mills to abandon any application to register the AQVASANA mark or any colorable imitation thereof such as ACVASANA or AKWASANA, and/or cancelling any registration for the AQVASANA mark or any colorable imitation thereof such as ACVASANA or AKWASANA, in accordance with 15 U.S.C. § 1119; and

17. Such other and further relief as the Court deems just and equitable.

Dated this 10th day of October, 2017.

**MICHAEL BEST & FRIEDRICH LLP**

By: _/s/ Thomas A. Agnello_
    Thomas A. Agnello (6292247)
    Larry L. Saret (2459337)
    Katherine W. Schill (*application for admission forthcoming*)
    Katrina G. Hull (*application for admission forthcoming*)
    MICHAEL BEST & FRIEDRICH LLP
    100 E. Wisconsin Avenue, Suite 3300
    Milwaukee, WI 53202-4108
    Tel:    414-271-6560
    Fax:    414-277-0656
    Email:  taagnello@michaelbest.com
           llsaret@michaelbest.com
           kwschill@michaelbest.com
           kghull@michaelbest.com

*Attorneys for Plaintiff,*
*Aquasana, Inc.*